IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL DAVID WHITE,

    Plaintiff,                        No. CIV S-04-2276 GEB GGH P

    vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS, et al.,          <u>ORDER AND</u>

    Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff is a prisoner who is proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. On February 17, 2005, the court ordered the United States Marshal to serve the complaint on defendants. On March 31, 2005, process directed to defendant S. Mancayo was returned unserved because "dft no longer employed at CSATF . . . per CDC personnel services section, no record found." On May 5, 2005, process directed to P. Gonzales was returned unserved because prison officials could not locate this defendant.

        On April 19, 2005, the court ordered plaintiff to provide additional information to serve defendant Mancayo within sixty days. On June 10, 2005, the court directed plaintiff to provide additional information to serve defendant Gonzales within sixty days. The court directed plaintiff to seek such information through discovery, the California Public Records Act, California Government Code § 6250, or other means available.

On May 19, 2005, plaintiff filed a motion for court intervention. Plaintiff stated that the litigation coordinator did not respond to his request for information regarding the location of defendant Mancayo. Plaintiff requested court assistance. On May 27, 2005, the court denied this motion because plaintiff had not sought information regarding defendant Mancayo's location through all methods suggested by the court in the April 18, 2005, order.

On June 22, 2005, plaintiff filed a motion for court assistance as to defendant Gonzales and again as to defendant Mancayo. Plaintiff states that on June 5, 2005, and June 12, 2005, he requested information regarding the location of these defendants from CDC Headquarters, but his requests went unanswered.

The forms returned by the U.S. Marshal as to defendant Gonzales indicate that service was initially attempted at the California Substance Abuse Treatment Facility (CATF). On March 1, 2005, the Litigation Coordinator at CATF sent the U.S. Marshal a letter stating that defendant Gonzales was employed at Valley State Prison for Women (VSPW). Accordingly, the U.S. Marshal attempted to serve defendant Gonzales at VSPW. On April 5, 2005, the Litigation Coordinator at VSPW sent the U.S. Marshal a letter stating that defendant Gonzales was not employed at VSPW and that he was last employed at CATF. Attached to the forms sent by the U.S. Marshal to the court is a copy of a fax from the California Department of Corrections (CDC) Personnel Office dated April 29, 2005, stating that defendant Gonzales, whose last known location was at CATF, could not be located.

The forms returned by the U.S. Marshal as to defendant Moncayo indicate that service was initially attempted at CATF. Attached to the forms sent by the U.S. Marshal is a copy of a fax from the CDC Personnel Office dated March 30, 2005, stating that an employee named S. Mancayo employed as a Captain at CATF could not be found.

Based on the search for defendants Gonzales and Moncayo conducted by the U.S. Marshal, as assisted by the CDC, the court can offer no further assistance in locating these defendants. If CDC cannot find any record of a Captain Mancayo employed at CATF and cannot

locate P. Gonzales at CATF, then there is nothing more for the court to do.  Because it appear that these defendants cannot be located, plaintiff's motion for judicial intervention is denied and the court recommends dismissal of these defendants.

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 22, 2005, motion for judicial intervention is denied;

IT IS HEREBY RECOMMENDED that defendants Gonzales and Moncayo be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   8/3/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wh2276.ord(2)

3