IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CARL DAVID WHITE,

    Plaintiff,

vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

No. CIV S-04-2276 GEB GGH P

ORDER AND

FINDINGS & RECOMMENDATIONS

I. Introduction

    Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' May 19, 2005, motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and (b)(6). Defendants argue that this action should be dismissed based on plaintiff's failure to exhaust administrative remedies and for his failure to state a colorable claim. After carefully reviewing the record, the court orders defendants' motion granted in part, and recommends that defendants' motion be denied and granted in part.

II. Background

    This action is proceeding on the amended complaint filed December 20, 2004. The motion to dismiss is made on behalf of defendants Rhodes, Jett, Prosper, Schroers, Shannon

1

and Ceaglio.[1] Plaintiff alleges that on October 1, 2002, defendant Rhodes affixed an "R" suffix to plaintiff's custody designation, misidentifying plaintiff as a sex offender. Plaintiff alleges that defendant Rhodes fabricated a document stating that plaintiff had been arrested for Cal. Penal Code § 288a. Plaintiff contends that defendant Rhodes knew that plaintiff had not been arrested for this offense.

Plaintiff alleges that defendant Jett instructed defendant Rhodes to leave the R suffix in plaintiff's custody classification, although he also knew that this classification was improper.

Plaintiff alleges that he filed an administrative appeal regarding the improper R suffix classification. During an appeal interview, defendant Shannon admitted to plaintiff that the R suffix should be removed but said he would not risk his job to do it. Plaintiff alleges that on May 28, 2003, defendants Schroers and Ceaglio refused to remove the R suffix. Plaintiff alleges that in responding to an administrative appeal regarding the matter, defendant Prosper declined to remove the R suffix.

Plaintiff alleges that imposition of the R suffix classification put his life in jeopardy and curtailed his ability to participate in certain jobs. Plaintiff was the target of violence, harassment and repeated threats from staff and inmates. As a result of this classification, one year was added to plaintiff's sentence because it made him ineligible for conservation camp placement where he would have earned two for one credits.

III. Administrative Exhaustion

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must

---

[1] The court also ordered service of defendants Hough, Gonzales, Moncayo and Adams. These defendants have not yet appeared.

1  proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a
2  CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and
3  4) third level appeal to the Director of the California Department of Corrections.  Barry v.
4  Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A
5  final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at
6  1237-38.

7  In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates
8  must exhaust administrative remedies, regardless of the relief offered through administrative
9  procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely
10  exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be
11  brought with respect to prison conditions *until* such administrative remedies as are available are
12  exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

13  In the amended complaint, plaintiff alleges that appeal nos. 02-5272 and 02-5491
14  exhausted his administrative remedies.  Appeal no. 02-5491, denied at the director's level on
15  March 24, 2003, challenged imposition of the R suffix.  Defendants' Motion, Exhibit 1.  Appeal
16  no. 02-5272, denied at the director's level on April 9, 2003, also challenged imposition of the R
17  suffix.  Id., Exhibit 2.

18  Defendants argue that appeal nos. 02-5272 and 02-5491 did not exhaust plaintiff's
19  remedies as to defendants Shannon, Prosper, Ceaglio and Schroers because these appeals did not
20  name these defendants.  Defendants argue that the alleged deprivations committed by defendants
21  Ceaglio and Schroers occurred after plaintiff had filed his director level appeals.  Defendants also
22  argue that the only connection between defendants Shannon and Prosper was through the
23  grievance appeal system.  Defendants contend that plaintiff could not have included them in his
24  appeals because their actions occurred after he filed his related grievances.

25  Plaintiff alleges that defendants Shannon and Prosper improperly denied his lower
26  level grievances challenging imposition of the R suffix.  Defendants suggest that plaintiff should

be required to file yet another round of grievances challenging defendants' denial of his administrative appeals in appeal nos. 02-5272 and 02-5491. Requiring another round of appeals does not make sense. By appealing defendants' decisions to the next levels of appeal, plaintiff has exhausted his claims against these defendants.

At the time defendants Schroers and Ceaglio refused to remove the R suffix, appeal nos. 02-5272 and 02-5491 had been denied at the director's level. Defendants argue that plaintiff should be required to, in essence, "reappeal" the issue of the imposition of the R suffix as to these particular defendants.

Appeal nos. 02-5272 and 02-5491 presented prison officials with the relevant factual circumstances giving rise to his claim challenging imposition of the R suffix. This was sufficient to put prison officials on notice as to the claims raised in the instant action. See Porter v. Nussle, 534 U.S. 516, 531 122 S.Ct. 983 (2002) (emphasizing importance of providing prison officials with notice and opportunity to take action before prisoner files suit). Under the facts presented, there is nothing to indicate that prison officials would have done anything differently had plaintiff filed additional grievances against defendants Schroers and Ceaglio regarding imposition of the R suffix. Plaintiff is not required to file additional grievances regarding the alleged ongoing violation. See Irvin v. Zamora, 161 F.Supp.2d 1125 (S.D.Cal. 2001) (prisoner not required to name individual defendants in administrative appeals regarding ongoing deprivations of medical accommodation).

Moreover, in his opposition, plaintiff cites Cal. Code Regs. tit. 15, § 3084.3(c)(2) which provides that an administrative appeal may be rejected because it duplicates the plaintiff's previous appeal upon which a decision has been rendered. An appeal regarding the decision by defendants Schroers and Ceaglio to maintain plaintiff's R suffix could be denied pursuant to § 3084.3(c)(2). Requiring plaintiff to file another appeal regarding these defendants under these circumstances makes no sense.

/////

For the reasons discussed above, defendants' motion to dismiss for failure to exhaust administrative remedies should be denied.

IV. <u>Failure to State a Claim</u>

*Legal Standard*

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief. <u>NOW, Inc. v. Schiedler</u>, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), <u>Cervantes v. City of San Diego</u>, 5 F.3d 1273, 1274-75 (9th Cir. 1993). Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990); <u>see</u> also <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g</u> <u>denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>NOW,</u> 510 U.S. at 256, 114 S. Ct. at 803, <u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d

5

1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Analysis*

Plaintiff alleges that imposition of the R suffix violated his right to due process. Prisoners have a federally protected liberty interest in due process when the alleged violation imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 483-85, 115 S. Ct. 2293 (1995).

Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997) involved the classification of a prisoner as a sex offender coupled with mandatory participation in Hawaii's Sex Offender Treatment Program (SOTP), the successful completion of which was a precondition to parole eligibility. Relying on Sandin, the Ninth Circuit in Neal stated that due to its stigmatizing effects, a sex offender classification "is precisely the type of atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life that the Supreme Court held created a protected liberty interest." Neal, 131 F.3d at 829. Although this statement suggests that a mere "sex offender" classification, with nothing more, creates a liberty interest, the court's discussion throughout the remainder of the opinion indicates that more of a deprivation must be present to effect a prisoner's liberty interests. The Ninth Circuit reasoned that because Hawaii's "regulations render the inmate completely ineligible for parole if the [SOTP] is not satisfactorily completed, the attachment of the 'sex offender' label to the targeted inmate has a practical and inevitable coercive effect on the inmate's conduct." Id.

\\\\\

Pursuant to <u>Neal</u> and <u>Sandin</u>, to state a colorable due process claim plaintiff must allege that he suffered an atypical and significant hardship as a result of the imposition of the R suffix. In other words, imposition of the R suffix standing alone does not state a colorable due process claim. In amended complaint, plaintiff alleges two specific injuries he received as a result of the R suffix: 1) he was the target of violence and harassment; 2) because he could not attend conservation camp, he did not receive proper time credits.

Defendants first argue that plaintiff has only vaguely alleged that he has been the target of violence because of his custody designation. While plaintiff alleges both in the amended complaint and his opposition that he has been assaulted because of the R suffix, he does not specifically describe any of these incidents. While an increased risk to physical safety may constitute an atypical and significant hardship, plaintiff must link this risk to the R suffix. In other words, plaintiff must plead specific facts demonstrating that the assaults and threats he suffered were based on the R suffix. For all the court and defendants know, these assaults may have occurred for reasons other than the R suffix. Accordingly, the motion to dismiss on this ground is granted with leave to amend. If plaintiff files a second amended complaint, he must specifically describe the incidents during which his safety was threatened and discuss how these incidents are linked to his R suffix.

Defendants next argue that the court lacks jurisdiction over plaintiff's claim regarding time credits. As discussed above, plaintiff alleges that he was ineligible to earn two for one credits due to the R suffix. As relief, plaintiff requests that the court order that he receive two for one credits retroactively.

In their motion, defendants cite <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 487, 93 S. Ct. 1827 (1973), where the Supreme Court held that a prisoner could not bring a § 1983 civil rights claim in federal court when the prisoner was seeking injunctive relief to compel the restoration of good conduct time credits. Because the requested relief necessarily would have resulted in shortening the duration of the prisoner's confinement, the Supreme Court held that habeas corpus

was the prisoner's sole federal remedy. Preiser, 411 U.S. at 500, 93 S. Ct. 1827.

In the amended complaint, plaintiff specifically alleges that his inability to earn time credits as a result of the R suffix extended his time in custody by more than one year. Pursuant to Preiser, the court finds that it cannot award plaintiff retroactive time credits in this civil rights action. Accordingly, the court recommends that the motion to dismiss this claim for relief be granted. Plaintiff should not include this claim for relief in his second amended complaint.

Defendants also move to dismiss the claims against defendants Shannon, Prosper, Ceaglio and Schroers on grounds that plaintiff did not allege any conduct on their part which violated any constitutional right. Defendants first argue that the only allegation against defendants Shannon and Prosper is that they denied plaintiff's administrative appeals challenging imposition of the R suffix. Inmates lack a separate constitutional entitlement to a specific prison grievance procedure. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, plaintiff cannot state a claim against these defendants based only on their participation on the appeals process.

Plaintiff may be claiming that by denying his appeals, these defendants ratified the decision by defendants Rhodes and Jett to impose the R suffix.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dep't. of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Moreover, supervisory liability under Section 1983 cannot attach where the allegation of liability is based upon a mere failure to act. Instead, the liability must be based upon active unconstitutional behavior.

Defendants sued in their individual capacity must be alleged to have: personally participated in the alleged deprivation of constitutional rights; *knew of the violations and failed to act to prevent them*; or that they implemented a policy that repudiates constitutional rights and was the moving force behind the alleged violations. Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040 (9th Cir. 1989). "Although a § 1983 claim has been described as 'a species of tort liability,' Imbler v. Pachtman, 424 U.S. 409, 417, 96 S. Ct. 984, 988, 47 L.Ed.2d 128, it is perfectly clear that not every injury in which a state official has played some part is actionable under that statute." Martinez v. State of California, 444 U.S. 277, 285, 100 S. Ct. 553, 559 (1980). "Without proximate cause, there is no § 1983 liability." Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this constitutionally valid strip search policy, was subsequently ratified by the School Board when Mr. Williams filed a grievance. Therefore, Williams' only grasp at evoking municipal liability

>under § 1983 is to show that this subsequent ratification is sufficient to establish the necessary causation requirements. Based on the facts, the Board believed Ellington and his colleagues were justified in conducting the search of Williams. There was no history that the policy had been repeatedly or even sporadically misapplied by school officials in the past. Consequently, the School Board cannot be held liable for the ratification of the search in question, because this single, isolated decision can hardly constitute the "moving force" behind the alleged constitutional deprivation.

<u>Williams v. Ellington</u>, 936 F.2d 881, 884-885 (9th Cir. 1991).

The court is unwilling to adopt a rule that anyone involved in adjudicating grievances after the fact is per se potentially liable under a ratification theory. While plaintiff alleges that defendant Shannon admitted to him that the R suffix should be removed but would not risk his job to do it, plaintiff does not allege that defendant Shannon acted pursuant to a policy in making this decision. Accordingly, the motion to dismiss as to defendants Shannon and Prosper on these grounds should be granted because they are not adequately linked to the alleged deprivation.

Defendants also argue that plaintiff has failed to adequately link defendants Ceaglio and Schroers to the alleged deprivation. Plaintiff alleges that on May 28, 2003, these defendants refused to remove the R suffix. Plaintiff does not describe the circumstances under which this occurred. If these defendants refused to remove the R suffix in the context of denying an administrative appeal, then the claims against these defendants should be dismissed. However, because the court does not know under what circumstances defendants acted, the court cannot evaluate this claim. Accordingly, the claims against these defendants are dismissed with leave to amend. If plaintiff files a second amended complaint, he must clarify this matter.

Finally, defendants move to dismiss plaintiff's state law tort claims for his failure to comply with the California Tort Claims Act. It is not clear to the court that plaintiff has raised any state law claims. Accordingly, the second amended complaint must clearly identify any state law claims plaintiff intends to raise.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' May 19, 2005, motion to dismiss for failure to state a claim is granted with respect to the following claims: (1) imposition of the R suffix caused plaintiff to suffer from increased risk to safety; (2) the claims against defendants Ceaglio and Schroers;

2. Plaintiff is granted thirty days from the date of this order to file a second amended complaint; if plaintiff does not file a second amended complaint, the court will issue further orders;

/////

/////

IT IS HEREBY RECOMMENDED that:

1. Defendants' May 19, 2005, motion to dismiss on grounds that plaintiff failed to exhaust administrative remedies be denied;

2. Defendants' May 19, 2005, motion to dismiss for failure to state a claim be granted with respect to the following claims: (1) imposition of the R suffix caused plaintiff to not earn appropriate time credits; (2) the claims against defendants Shannon and Prosper.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/1/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
wh2276.mtd